**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARED BENTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AKIMA GLOBAL SERVICES, LLC and AKIMA LLC,<br><br>Defendants. | No:<br><br><br><br><br><br>CLASS ACTION COMPLAINT |

Jared Bentley ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similar Detention Officers, Training Officers, Relief Officers, Outer And Inner Perimeter Officers, Central Control And Sub Control Officers, Kitchen Workers, and all other non-exempt manual workers (collectively, "Manual Workers") who work or have worked for Akima Global Services, LLC and Akima LLC (collectively, "AGS," "Akima," or "Defendants") in New York State.

2. Akima is a "global enterprise delivering comprehensive solutions to the federal government in the core areas of information technology; facilities & ground logistics; aerospace solutions; protective services; systems engineering; mission support; furniture, fixtures & equipment

1

(FF&E); and construction."[1]

3.      AGS is a foreign limited liability company incorporated in Alaska.

4.      AGS' corporate headquarters is located at 2553 Dulles View Drive, Suite 700, Herndon, Virginia 20171.

5.      At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

6.      Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

7.      In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

8.      Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

9.      As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

10.     Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191. ("NYLL").

---

[1] *See* https://linkedin.com/company/akima/ (last visited Jan. 3, 2025).

## THE PARTIES

### Plaintiff

**Jared Bentley**

11.     Jared Bentley ("Bentley") is an adult individual who is a resident of the State of New York.

12.     Bentley was employed by AGS as a Detention Officer from on or about March 2024 until September 2024.

13.     Bentley is a covered employee within the meaning of the NYLL.

### Defendants

14.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

15.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleges herein.

16.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

17.     During all relevant times, Defendants' operations are interrelated and unified.

18.     During all relevant times, Defendants have been Plaintiff's employers within the meaning the of the NYLL.

**Akima Global Services, LLC**

19.     Together with other Defendants, Akima Global Services, LLC has co-owned and or co/operated all AGS corporations throughout the United States during the relevant time period.

20.     Akima Global Services, LLC is a foreign business corporation organized and existing under the laws of Alaska.

21. Akima Global Services, LLC's corporate headquarters is located at 2553 Dulles View Drive, Suite 700, Herndon, Virginia 20171.

22. Akima Global Services, LLC may be served through its registered agent, C T Corporate System, 8585 Old Dairy Rd., Suite 208, Juneau, Alaska 99801.

23. Akima Global Services, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

24. Akima Global Services, LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

25. Akima Global Services, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including but not limited to, hiring, firing, discipling, timekeeping, payroll, and other employment practices.

26. During his employment, Plaintiff received paystubs from AGS as the corporate payor.

27. Akima Global Services, LLC is listed as the corporate entity on Plaintiff's termination letter.

**Akima LLC**

28. Together with other Defendants, Akima LLC has co-owned and or co/operated all AGS corporations throughout the United States during the relevant time period.

29. Upon information and belief, Akima LLC is a wholly owned subsidiary of NANA Development Corporation ("NDC"), a wholly owned subsidiary of NANA Regional Corporation, an Alaskan Native Corporation created under the Alaska Native Claims Settlement Act, 42 U.S.C. § 1601 *et. seq.*

30. Upon information and belief, Akima LLC's corporate headquarters is located at 2553 Dulles View Drive, Suite 700, Herndon, Virginia 20171.

31. Akima LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

32. Akima LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

33. Akima LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

## JURISDICTION AND VENUE

34. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

35. The members of the proposed class are citizens of states different from that of Defendants.

36. There are over 100 members in the proposed class.

37. Defendants are subject to personal jurisdiction in New York.

38. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings the First Cause of Action, a NYLL claim, under Rule 23 of the

Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for AGS in New York between May 23, 2018[2] and the date of final judgment in this matter (the "Class").

40. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

41. There are more than fifty members of the Class.

42. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

43. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

44. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

45. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many Plaintiffs and classes in wage and hour cases.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

---

[2] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

47. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendants compensated Plaintiff and the Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

48. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Jared Bentley**

49. Bentley was employed by AGS as a Detention Officer from on or about March 2024 until September 2024.

50. During his employment, Bentley worked at Defendants' detention facility in Batavia, New York.

51. During his employment, over twenty-five percent of Bentley duties were physical tasks, including but not limited to: maintaining patrol, physically separating detainees, pushing wheelchair bound individuals, frequent periods of standing, walking, climbing stairs, and lifting heavy objects, sometimes weighing between 50 to 70 pounds.

52. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Bentley has been compensated by Defendants on a bi-weekly basis.

53. For example, for the period beginning on March 31, 2024 and ending April 13, 2024, Bentley was paid his lawfully earned wages on April 19, 2024. *See* **Exhibit A**, Bentley

Paystub.

54. In this regard, Defendants failed to pay Bentley his wages earned from March 31, 2024 to April 6, 2024 by April 13, 2024, as required by NYLL § 191(1)(a).

55. As a result of Defendants' untimely wage payments, Bentley was underpaid for the period of March 31, 2024 to April 6, 2024, and for every corresponding period where Defendants paid him on an untimely basis.

56. As a result, for half of each biweekly pay period, Bentley was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that was rightfully owed to him. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Class)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

59. Defendants failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a). Thus, Defendants underpaid Plaintiff and the Class.

60. Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       January 6, 2025

                                        Respectfully submitted,

                                        /s/ Brian S. Schaffer
                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiff and*
                                        *the Putative Class*